EASTERN DIST.
*June,* 1838.

CHASE, UNDER TUTOR, ETC. *vs.* MATHEWS'S EXECUTORS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The testator, leaving a forced heir, cannot by the provisions of his will, dispense with the intervention of the Probate Court, and the forms of law, required in making the inventory of his estate. His power over the legitimate portion of the forced heir ceases at his death.

This case arose in the Court of Probates, on the opposition of the under tutor of the minor Mathews, to the reception and homologation of the inventory of the deceased ancestor's estate.

The late George Mathews provided in his will, that the inventory and administration of his estate, should be taken and performed by his executors, without the intervention of the Probate Court, or the officers of the law. In obedience to his last request, thus made, the executors proceeded to take an inventory of the decendant's estate, and by calling in two disinterested persons to be witnesses. The inventory was then presented to the judge of probates, accompanied by the petition of the executors, praying that it be received, recorded and homologated according to law.

The under tutor of the minor, made opposition, on the ground, that the inventory was not taken according to law. The probate judge sustained the opposition and the executors appealed.

*Josephs* and *Rogers,* for the under tutor and appellee.

1. The decision of the Court of Probates ought to be affirmed, because the forms of law in relation to the settlement of successions, were not complied with, particularly those which relate to the protection of the rights of minors. *Louisiana Code,* 1637, 1650, 1659.

2. The appellants are disqualified from acting in the capacity of testamentary executors, their term of service having

expired, without the rendition of their account as provided for by law. *Louisiana Code*, 1666, 1667.

CHASE, UNDER
TUTOR, ETC.
*vs.*
MATHEWS'S
EXR'S.

*Hoffman*, for the executors and appellants.

1. The inventory was made in conformity with the express instructions of the will of the deceased, and ought to have been filed and homologated.

2. The executors are bound to follow the instructions of the testator, unless when the law forbids. The principles applicable to public inventories, do not apply to a case where the will directs the formalities to be observed in making the inventory.

*Martin, J.*, delivered the opinion of the court.

The executors are appellants from a judgment sustaining the opposition of the under tutor of the forced and minor heir, (the tutrix being one of the executors,) to the receiving and filing of the inventory of the estate.

By the will, the executors are directed to make the inventory, without the intervention of the Court of Probates, or any officer of justice, by calling two persons, residing near the property to be inventoried. It does not appear to us, that the Court of Probates erred. The testator leaving a forced heir, his power over the legitimate portion of the latter ceased at his death, and it became the duty of the tutrix or under tutor, to see that the protection of the law should be extended to the property of the minor. The Louisiana Code requires the testamentary executor, "if there be any minor, interdicted or absent heirs, to cause an inventory of the property of the succession to be made in the different parishes, in which the testator has left property, by the parish judge, or by any notary public, duly authorized to that effect by the judge." *Article*, 1659.

The executors could not be relieved from the obligation of complying with this provision of the law, by any direction of the testator in his will. The inventory ought, therefore, to have been made by the parish judge, or a notary public duly authorized by him.

*The testator, leaving a forced heir, cannot by the provisions of his will, dispense with the intervention of the Probate Court, and the forms of law required in making the inventory of his estate. His power over the legitimate portion of the forced heir ceases at his death.*

It is, therefore, ordered, adjudged and decreed, that the EASTERN DIST. judgment of the Court of Probates be affirmed, with costs.    June, 1838.